IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHN DAVID HILL, #02153258 | § | |
| VS. | § | CIVIL ACTION NO. 6:19cv557 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner John David Hill, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural History

Hill is challenging his Wood County conviction for evading arrest from the 402nd Judicial District Court of Wood County, Texas, in cause number 22,912-2016. CR[1] at 78–79. Hill was charged by indictment with evading detention with a deadly weapon, with enhancements for the purposes of punishment of a prior California conviction for assault by a state prisoner in November 1995 and a prior California conviction for evading an officer with willful disregard in November 2007. CR 6–7. Ultimately, the State abandoned these enhancement paragraphs and amended the

---

[1] "C.R." is the clerk's record of pleadings and documents filed with the trial court. Additionally, "RR" is the reporter's record of transcribed testimony and exhibits from trial, "SX-" or "DX-" are the enumerated exhibits of the State or the Defendant from trial, and "SHCR" is the state habeas clerk's record, and "Supp. SHCR" is the supplemental state habeas clerk's record. Citations are preceded by volume number and followed by page or exhibit number, where applicable. All of the state court records are contained in docket entry number 12.

1

enhancement paragraphs to allege Hill's prior California convictions for residential burglary in 1992 and evading a police officer with wanton disregard for safety in October 2002. CR 32–33; 9 RR 12; *see* generally 9 RR 10–12.

Hill entered a plea of not guilty; however, a jury found him guilty. CR 78; 8 RR 9–10 (plea), 93–94 (verdict of guilty). On August 15, 2017, Hill was sentenced to a term of 99 years' imprisonment, after he had entered a plea of not true to the enhancement paragraphs but which the jury had found to be true. 99 RR 83 (plea of not true), 163 (verdict).

The Sixth Court of Appeals affirmed the judgment of the trial court in an unpublished opinion. *Hill v. State*, No. 06-17-00164-CR, 2018 WL 1440236 (Tex. App.—Texarkana Mar. 23, 2018, no pet.). While the Texas Court of Criminal Appeals ("TCCA") granted Hill an extension to file his petition for discretionary review ("PDR"), Hill did not file a PDR. *Hill v. State*, No. PD-0428-18, Order (Tex. Crim. App. Apr. 20, 2018). Hill filed a state application for a writ of habeas corpus, *Ex parte Hill*, No. WR-90,401, on July 8, 2019. SHCR at 20. On October 16, 2019, the TCCA denied the application without written order. SHCR at Action Taken Sheet.

He signed his federal habeas corpus petition on November 12, 2019. (Dkt. #1). The petition is deemed filed on November 12, 2019, in accordance with the federal "mailbox rule." *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Hill raises a single claim for relief:

- His trial counsel provided ineffective assistance of counsel by failing to have a firm command of the facts and governing law to properly and effectively contest the State's case to determine if the vehicle was used in a deadly manner.

(Dkt. #1, p. 6). Hill requests that his judgment and sentence be reversed and vacated, and that he be remanded to the state court for a new trial. The Director filed an answer. (Dkt. #11). Although

2

Hill moved for an extension of time to file a reply (Dkt. #15), which was granted (Dkt. #16), he did not file a reply to the State's Answer.

## Facts of the Case

The Sixth Court of Appeals summarized the facts as presented at Hill's trial as follows:

> At trial, the jury viewed a video recording taken from [Constable] Shadbolt's in-car dash camera while he testified. Shadbolt said that he attempted to pull Hill over around 9:45 p.m. because his taillights and license plate lights were not working. At the time, they were on Highway 80, a four-lane, divided highway, approaching Mineola from the west. The video recording showed that Hill applied his brakes, slowed, put on his right turn signal, and pulled completely onto the paved shoulder, but that he did not stop. Hill continued driving on the shoulder at a moderate rate of speed and eventually returned to the outside lane about forty-five seconds after driving onto the shoulder. During this time, although there were several cars that were traveling on the opposite side of the highway, the only car traveling in the same direction pulled ahead when Hill first slowed down and continued traveling far ahead of him. Hill continued traveling in the outside lane at a moderate speed and entered Mineola, where he passed a vehicle traveling in the inside lane, all the while remaining in his lane. As Hill continued driving in Mineola, he passed through a flashing yellow light without slowing and through two red lights without slowing or stopping. Shadbolt testified, and the video recording confirmed, that there were no vehicles or pedestrians at these intersections, except one vehicle stopped at the second light, which was in the outside westbound lane. After passing through the second red light, Hill executed a sweeping left turn starting from the right lane, crossing the left lane and the two oncoming lanes of travel, exiting the highway, and passing through a convenience store drive between a parked car and a row of gasoline pumps. He then made another left turn, crossed the street, and ran into a fence. During his turn through the convenience store drive, Hill did not appear to slow the speed of his vehicle, and there did not appear to be any pedestrians outside of the convenience store or any vehicle occupants threatened by his maneuver.

*Hill*, 2018 WL 1440236 at *2.

## Standard of Review

*1. Federal Habeas Review*

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas

corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does "not sit as a super state supreme court to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (citations omitted); *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983).

The petition was filed in 2019; thus, review is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997). Under AEDPA, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). "By its terms § 2254 bars re-litigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). The AEDPA imposes a "highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation and internal quotation marks omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201–02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather we ask only whether the state court's judgment was

so obviously incorrect as to be an objectively unreasonable resolution of the clam."). Given the highly deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

With respect to the first provision, a "state court decision is 'contrary to' clearly established federal law if: (1) the state court 'applies a rule that contradicts the governing law' announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts." *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (en banc) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003)). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011). As such, "evidence later introduced in federal court is irrelevant." *Id.* at 184. "The same rule necessarily applies to a federal court's review of purely factual determinations under § 2254(d)(2), as all nine Justices acknowledged." *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011), *cert. denied*, 568 U.S. 828 (2012).

With respect to section 2254(d)(2), a Texas court's factual findings are presumed to be sound unless a petitioner rebuts the "presumption of correctness by clear and convincing evidence." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (citing section 2254(e)(1)). The "standard is demanding but not insatiable; . . . [d]eference does not by definition preclude relief." *Id.* (citation and internal quotation marks omitted). More recently, the Supreme Court held that a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citation

omitted). The Supreme Court has explained that the provisions of the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas corpus relief is not available just because a state court decision may have been incorrect; instead, a petitioner must show that a state court decision was unreasonable. *Id.* at 694.

*2. Ineffective Assistance of Counsel*

To show that counsel was ineffective, Hill must demonstrate that: (1) counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.,* at 688; *see Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2016). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 689. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Reed v. Stephens*, 739 F.3d 753, 773 (5th Cir.

2014) (quoting *Strickland*, 466 U.S. at 687)). The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Importantly, a petitioner alleging ineffective assistance must show <u>both</u> deficient performance and prejudice. *See Charles v. Stephens*, 736 F.3d 380, 388 (5th Cir. 2013) ("A failure to establish either element is fatal to a petitioner's claim.") (internal citation omitted) (emphasis added). Given the already highly deferential standard under the AEDPA, establishing a state court's application whether counsel was ineffective "is all the more difficult." *Richter*, 562 U.S. at 105; *see also Charles*, 736 F.3d at 389 ("Both the *Strickland* standard and the AEDPA standard are highly deferential, and when the two apply in tandem, review is doubly so.") (internal quotations and citation omitted).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689; *see also Bell v. Cone*, 535 U.S. 685, 702 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690. In a separate

opinion, the Supreme Court reiterated that the "question is whether an attorney's representation amounted to incompetence under "prevailing professional norms, not whether it deviated from the best practices or most common custom." *Premo v. Moore*, 562 U.S. 115, 122 (2011) (citing *Strickland*, 466 U.S. at 690)).

In the context of section 2254(d), the deferential standard that must be accorded to counsel's representation must also be considered in tandem with the deference that must be accorded to state court decisions, which has been referred to as "doubly" deferential. *Richter*, 562 U.S. at 105. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. "If the standard is difficult to meet, that is because it was meant to be." *Id*. at 102; *also see Morales v. Thaler*, 714 F.3d 295, 302 (5th Cir.), *cert. denied*, 134 S. Ct. 393 (2013).

## Discussion and Analysis

### Ineffective Assistance of Counsel

Hill asserts that his trial counsel provided ineffective assistance of counsel because he failed "to have a firm command of the facts and governing law to properly and effectively contest the State's case to determine if the vehicle was used in a deadly manner." (Dkt. #1, p. 6). Hill does not state what facts or law that his trial counsel allegedly lacked to challenge the sufficiency of the evidence that the use of his vehicle equated to a deadly weapon finding, and how the result of his trial would have differed if counsel had the knowledge that Hill alleges counsel lacked. Hill does not provide any facts or details as to how his attorney was deficient in his performance and how that deficient performance resulted in prejudice in Hill's defense.

Conclusory allegations are inadequate to serve as the basis federal habeas corpus relief. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case."); *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983) (reviewing a claim of ineffective assistance of counsel) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Because his claim is conclusory, he fails to meet his burden demonstrating both deficiency and prejudice. *Id.*; *see Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (the "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal."); *see also Strickland*, 466 U.S. at 687, 688; *Richter*, 562 U.S. at 105; *Clark v. Johnson*, 227 F.3d 273, 283 (5th Cir. 2000). Under these circumstances, Hill fails to show that he was denied effective assistance of counsel or establish that his trial was tainted by a constitutional violation.

In Hill's direct appeal proceeding, moreover, the intermediate state appellate court analyzed Hill's allegation that there was insufficient evidence to support a deadly weapon finding. *Hill*, 2018 WL 1440236 at *1–4. The state appellate court found that a rational jury could find beyond a reasonable doubt that Hill used his pickup in a manner that was capable of causing death or serious bodily injury and that he placed at least one other person in actual danger, based on the evidence presented. *Id.*, at *4. The court ultimately concluded that there was sufficient evidence to support the jury's deadly weapon finding. *Id*. Under these circumstances, Hill cannot and did not demonstrate prejudice. In other words, Hill cannot show that the outcome of the proceedings would have been different, and he failed to demonstrate that the state court's decision to deny

9

habeas relief was contrary to or involved the unreasonable application of federal law, or that the state court's decision was based upon an unreasonable. 28 U.S.C. § 2254(d).

Similarly, his claims relating to his trial counsel should be denied because Hill has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Accordingly, Hill has not shown that he is entitled to relief.

## Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Sanchez has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution

of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. at 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012)).

In this case, reasonable jurists could neither debate the denial of Hill's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Accordingly, it is respectfully recommended that the Court find that Hill is not entitled to a certificate of appealability as to any of his claims.

Recommendation

It is accordingly recommended that the above-styled petition for writ of habeas corpus be denied, and the case be dismissed with prejudice. A certificate of appealability should be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 15th day of August, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE